IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                           Case No. 3:12cv136/MCR/EMT

**CREATION SCIENCE EVANGELISM,
CREATION SCIENCE EVANGELISM
FOUNDATION, 21 CUMMINGS ROAD TRUST,
400 BLOCK CUMMINGS SUBDIVISION
TRUST, 5720 N. PALAFOX TRUST,
5800 N. PALAFOX TRUST,
29 CUMMINGS ROAD TRUST,**

    **Defendants**.
_____/

## ORDER

Pending before the court is the plaintiff's motion for default summary judgment (doc. 6). The defendant entities have been served but have not responded to the complaint, which was filed on March 26, 2012. Neither have the defendants responded to the plaintiff's motion for default summary judgment, which was filed on June 11, 2012. Also, although an individual, Paul John Hansen, attempted to file documents in this case, he was twice informed that the papers would not be accepted because he was neither an attorney nor a party (*see* docs. 4 & 5). On June 4, 2012, the court entered an order directing the defendants to secure counsel, advising them that an artificial entity cannot proceed *pro se*, and requiring them to show cause why a default should not be entered against them (doc. 5). The defendants have not responded to the court's order, and the time for doing so has expired. Now, having fully reviewed the plaintiff's motion and the record, and having provided the defendants with time to respond, the court finds that the motion for default summary judgment is due to be granted.

On June 28, 2007, the court entered an Order Forfeiting Substitute Property of Defendants Kent and Jo Hovind ("the Hovinds") following a $430,400.00 money judgment

entered by a special jury verdict on November 2, 2006, in the companion criminal case, Case No. 3:06cr83/MCR.  The order substituting property included the following properties:

    a.    5720 North Palafox Street, Pensacola, Florida, whose legal description is as follows:

> S 125 FT OF LT 66 AVERIA TRACT PLAT DB P P 206
> OR 4717 P 607 OR 5508 P 1752 of the Public Records
> of Escambia County, Florida;

    b.    400 block of Cummings Road, Pensacola, Florida, whose legal description is as follows:

> BEG AT NE COR LT 10 S 64 DEG 15 MIN W ALG N LI LT 10 93 78/100 FT FOR POB CONT S 64 DEG 15 MIN 0 SEC W ALG SD N LI & ITS WLY EXTEN 126 54/100 FT B 25 DEG 45 MIN 0 SEC W 267 FT TO SLY R/W LI OF OLEANDER DR S 64 15 MIN 0 SEC W 33 FT 25 DEG 45 MIN 0 SEC E 138 FT SS 64 DEG 15 MIN 0 SEC W 42 FT S 25 DEG 45 MIN 0 SEC E 129 FT TO N LI OF LT 9 S 64 DEG 15 MIN 0 SEC W 7 26/100 FTS 24 SEF 32 MIN 18 SEC E 140 05/100 FT TO SW COR OF LT 9 S 82 DEG 54 MIN 55 SEC E 244 33/100 FT TO NWLY R/W LI OF CUMMINGS RD (66 FT R/W) SD PT BEING ON CIRCULAR CURVE CONCAVE SE RADIUS 91 FT DELTA ANG 90 DEG NELY ALG NWLY R/W LI & CURVE ARC DIST 142 94/100 FT (CHORD DIST 128 69/100 FT CHORD BEARING N 19 DEG 15 MIN 0 SEC E)S 72 DEG 48 MIN 30 SEC W 86 69/100 FT N 25 DEG 25 MIN 44 SEC W 168 60/100 FT TO POB BEING A PORTION OF LTS 9 & 10 CUMMINGS S/D PB 1P 86 OR 4586 P 1838 of the Public Records of Escambia County, Florida;

    c.    5800 North Palafox Street, Pensacola, Florida, whose legal description is as follows:

> BEG AT SW COR OF LT 66 AVERIA S/D PLAT DB P P 206 N 19 DEG 21 MIN 0 SEC W ALG E R/W LI OF PALAFOX ST (66 FT R/W) 125 FT FOR POB CONT N 19 DEG 21 MIN 0 SEC E 64 20/100 FT S 38 DEG 56 MIN 0 SEC E 218 FT S 70 DEG 44 MIN 0 SEC W 311 50/100 FT TO POB OR 4776 P 1592 of the Public Records of Escambia County, Florida;

d. 29 Cummings Road, Pensacola, Florida, whose legal description is as follows:

> LT 8 CUMMINGS S/D PB 1 P 86 OR 5508 P 1647 SEC 35/T 1 S R30 of the Public Records of Escambia County Records, Florida;

e. 21 Cummings Road, Pensacola, Florida, whose legal description is as follows:

> S 119 FT OF LOT 7 CUMMINGS S/D PB 1 86 OR 5508 P 1645 SEC 35/47 T 1 S R 30 of the Public Records of Escambia County, Florida;

f. 100 Cummings Road, Pensacola, Florida, whose legal description is as follows:

> THAT PORTION OF LOTS 9 AND 10 CUMMINGS SUBDIVISION, BEING A SUBDIVISION OF A PORTION OF SECTIONS 35 AND 37, TOWNSHIP 1 SOUTH, RANGE 30 WEST, ESCAMBIA COUNTY, FLORIDA, ACCORDING TO PLAT RECORDED IN PLAT BOOK 1 AT PAGE 86 OF THE PUBLIC RECORDS OF SAID COUNTY, DESCRIBED AS FOLLOWS: COMMENCE AT THE NORTHEAST CORNER OF SAID LOT 10 FOR THE POINT OF BEGINNING; THENCE SOUTH 25°45'00" EAST ALONG THE EAST LINE OF LOT 10 A DISTANCE OF 181.50 FEET TO THE SOUTHEAST CORNER OF LOT 10; THENCE SOUTH 64'15'00" WEST ALONG THE SOUTH LINE OF LOT 10 A DISTANCE OF 9.00 FEET TO A POINT, SAID POINT BEING THE PC OF A CURVE TO THE LEFT; THENCE FROM SAID POINT SOUTH 72°48'30" WEST A DISTANCE OF 86.69 FEET; THENCE NORTH 25°25'44" WEST A DISTANCE OF 168.60 FEET TO THE NORTH LINE OF LOT 10; THENCE NORTH 64°15'00" EAST ALONG THE NORTH LINE OF LOT 10 A DISTANCE OF 93.78 FEET TO THE POINT OF BEGINNING TOGETHER WITH NON-EXCLUSIVE EASEMENT:
>
> THAT PORTION OF LOT 10, CUMMINGS SUBDIVISION, BEING A SUBDIVISION OF A PORTION OF SECTION 35 AND 37, TOWNSHIP 1 SOUTH, RANGE 30 WEST, ESCAMBIA COUNTY, FLORIDA ACCORDING TO PLAT RECORDED IN PLAT BOOK 1 AT PAGE 86 OF THE PUBLIC RECORDS OF SAID COUNTY,

>DESCRIBED AS FOLLOWS: COMMENCE AT THE SOUTHEAST CORNER OF SAID LOT 10; THENCE 64°15'00" W ALONG THE NORTH RIGHT OF WAY LINE OF CUMMINGS ROAD. (66' RIGHT OF WAY) FOR 9.00 FEET TO THE POINT OF CURVATURE OF A CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 91.00 FEET, SAID POINT BEING THE POINT OF BEGINNING; THENCE SOUTHWESTERLY ALONG SAID CURVE (DELTA ANGLE = 33°CHORD DISTANCE = 52.82 FEET, CHORD BEARING = S 47°22'42" W) FOR AN ARC DISTANCE OF 53.59 FEET; TGEBCE B 38°48'12" W FOR 24.40 FEET; THENCE N 72°48'30" E FOR 56.69 FEET TO THE POINT OF BEGINNING.

Parcel Identification Number is 35-15-30-9000-001-010 of the Public Records of Escambia County, Florida;

g. 120 Oleander Drive, Pensacola, Florida, whose legal description is as follows:

>A PART OF LOT 6, SECTION 35, TOWNSHIP 1 SOUTH, RANGE 30 WEST, ESCAMBIA COUNTY, FLORIDA, STARTING AT THE POINT WHERE THE SOUTH LINE OF LOT INTERSECT THE WEST SIDE OF THE RIGHT OF WAY OF THE L & N RAILROAD, RUNNING THENCE WESTERLY ALONG THE SOUTH LINE OF LOT 6, A DISTANCE OF 264 FEET FOR A POINT OF BEGINNING; RUNNING THENCE WESTERLY ALONG THE SOUTH LINE OF SAID LOT 6 A DISTANCE OF 264 FEET TO A STAKE; THENCE RUNNING NORTH PARALLEL TO THE RIGHT OF WAY LINE OF L & N RAILROAD COMPANY, A DISTANCE OF 324 2/3 FEET TO THE NORTH LINE OF SAID LOT 6, THENCE RUNNING SOUTHERLY IN A STRAIGHT LINE PARALLEL TO THE RIGHT OF WAY OF THE L & N COMPANY A DISTANCE OF 324 2/3 FEET TO THE POINT OF BEGINNING. LESS THE EAST 120 FEET OF THE ABOVE DESCRIBED PROPERTY. Parcel Identification Number is 35-15-30-9002-008-006 of the Public Records of Escambia County, Florida.

h. 12 Oleander Drive, Pensacola, Florida, whose legal description is as follows:

>BEING A PART OF LOT 6, SECTION 35, TOWNSHIP 1 SOUTH, RANGE 30 WEST, ESCAMBIA COUNTY, FLORIDA, AND STARTING AT THE INTERSECTION OF THE SOUTH LINE OF

> SAID LOT 6 WITH THE WEST LINE OF THE RIGHT OF WAY THE LOUISVILLE & NASHVILLE RAILROAD; THENCE ALONG THE SOUTH LINE OF SAID LOT 6 WEST A DISTANCE OF 1126 FEET TO A POINT FOR THE POINT OF BEGINNING; THENCE RUN NORTH PARALLEL TO THE WEST LINE OF THE RIGHT WAY OF THE LOUISVILLE & NASHVILLE RAILROAD A DISTANCE OF 324 2/3 TO THE NORTH LINE OF SAID LOT 6; THENCE RUN WEST ALONG THE NORTH LINE OF SAID LOT 6 A DISTANCE OF 66 FEET TO A STAKE; THENCE RUN SOUTH PARALLEL WITH THE EAST LINE OF THE TRACT OF LAND HEREIN DESCRIBED A DISTANCE OF 324 2/3 FEET TO THE SOUTH LINE OF SAID LOT 6; THENCE RUN EAST ALONG THE SOUTH LINE OF SAID LOT 6 A DISTANCE OF 66 FEET TO THE POINT OF BEGINNING. From the Public Records of Escambia County, Florida;

i.   116 Cummings Road, Pensacola, Florida, whose legal description is as follows:

> LOT 14, CUMMINGS SUBDIVISION, BEING A PORTION OF SECTION 35, TOWNSHIP 1 SOUTH, RANGE 30 WEST, ESCAMBIA COUNTY, FLORIDA, ACCORDING TO PLAT RECORDED IN PLAT BOOK 1, PAGE 86 OF THE PUBLIC RECORDS OF SAID COUNTY. Parcel Identification Number: 35-IS-30-90000-000-014

Thereafter, third-party claimants, Eric Hovind and Glenn Stoll, filed separate objections to the forfeiture order and petitioned for a hearing pursuant to 21 U.S.C. § 853(n)(2). Ultimately this Court entered an order reaffirming the substitute forfeitures, with limitations.  Case 3:06-cr-83-MCR-EMT,  Doc. 325.

In the fall of 2011, Paul John Hansen, representing himself to be Glenn Stoll's successor in interest as director of the defendant entities, filed liens against the properties set out above and initiated, in state court, an action entitled a Quiet Title Action. Case No. 2011CA1784.  The United States removed it to federal court. Case No. 3:11cv475-MCR-CJK, Doc.1.  Ultimately that matter was dismissed.  Case No. 3:11cv475-MCR-CJK, Doc. 14.

Because the "Hansen liens" remained on the public records of Escambia County, thereby creating a cloud on title, the United States filed the instant action, seeking their removal and the entry of an injunction against the defendants prohibiting the defendants

5

or their representatives from filing new ones. The Defendants have been served but have not properly appeared. The United States has filed a motion seeking a judgment declaring the "Hansen liens" to be null and void from the inception, thereby creating no valid liens and enjoining the defendants and their representatives from filing any new encumbrances against the property.

The court found on July 29, 2007 in Case No. 3:06cr83-MCR that the defendants have demonstrated no rights superior to the rights of the United States other that the right to receive whatever property remaining after satisfying the $430,400.00 forfeiture judgment. As that order was final, it is res judicata as to the defendants and if the "Hansen liens" are founded on the belief that the defendants' have a superior interest, they are precluded from asserting such an interest. "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir.1999). A claim is barred by the doctrine of *res judicata* if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* at 1239.

The elements of *res judicata* are present. Further, if the defendants had claims of liens against the property, those claims should have been raised in the earlier litigation. The defendants' failure to do so precludes them from raising them now. Finally, the record demonstrates that the defendants have been served but have failed to answer, thereby giving rise to a default. Assuming that the earlier litigation did not preclude the defendants from filing the liens, although the court finds that it does, nevertheless, there are no facts establishing the propriety of the liens and the record sufficiently demonstrates that the purpose for filing the liens was to hinder the government's ability to sell the property as directed in the earlier order.

Therefore, the court finds that the liens are null and avoid *ab initio*, and created no

valid obstruction to the properties set out above. To ensure that their nullity is recognized, the court directs the government to file this order in the public records of Escambia County, Florida. The court further permanently enjoins the defendants and their representatives or agents from seeking to file or otherwise create a lien on said properties without first obtaining an order from this Court.

Additionally, a default judgment is an appropriate sanction in this case for the defendants' failure to secure counsel as directed by an order of the court and their failure to respond to this court's order to show cause. See Fed. R. Civ. P. 16(f); 37(b)(2)(A)(vi). While the sanction of a default judgment is severe, the court finds that no lesser sanction would be effective because the defendants in fact have defaulted in this case by their failure to respond to the complaint in addition to their failure to obey court orders.

Accordingly:

1. Plaintiff's Motion for Default Summary Judgment (doc. 6) is GRANTED.

2. Consistent with the findings articulated above, the "Hansen liens" identified are null and void *ab initio* and have no effect on the rights and title of the United States of America in and to the property.

3. Defendants are hereby permanently enjoined from interfering with the rights of the United States of America in and to the property described above in any manner including fling or attempting to file liens, claims or other encumbrances in any manner whatsoever without a prior order of this court. Defendants are also enjoined from filing or attempting to file, directly or through the services of others, new notices of lien, indebtedness, claims or purported liens, of whatever nature, with the Clerk of Court in and for Escambia County, Florida, on any property forfeited to the United States.

4. Plaintiff is directed to file this order in the public records of Escambia County, Florida.

5. The Clerk is directed to enter final default summary judgment in favor of

Plaintiff and against the Defendants and to close the file.

    **DONE and ORDERED** this 27th day of June, 2012.


*M. Casey Rodgers*
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE